United States District Court
Southern District of Texas

**ENTERED**

September 24, 2018

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| CARTIUS LYRONE MONTGOMERY | § | |
| | § | |
| **Plaintiff,** | § | |
| VS. | § | MISC ACTION NO. 7:18-MC-0580 |
| | § | |
| JEFF PURVIS, Officer, | § | |
| Kerrville Police Department, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## REPORT & RECOMMENDATION

Plaintiff is a state inmate at a Texas Department of Criminal Justice (TDCJ) prison facility (the Lopez Unit) in Edinburg, Texas. Plaintiff proceeds pro se. Plaintiff filed an application to proceed *in forma pauperis* (IFP), along with a civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. Nos. 1 and 1-2).

In his complaint, Plaintiff alleges that officers with the Kerrville Police Department stole his property and mistreated him because of his status as a transgendered person. (Dkt. No. 1-3 at 8-11).[1] Specifically, Plaintiff claims that a Kerrville police officer stole Plaintiff's designer wallet containing $200 and his cell phone. (*Id.* at 9). Furthermore, Plaintiff asserts that the officers disparaged him with bigoted nicknames and suggested that he had earned the money in his wallet through sex work. (*Id.* at 10).

Having reviewed the pleading, record, and relevant law, the undersigned respectfully recommends that Plaintiff's case be **TRANSFERRED** in the interest of justice to the Western District of Texas, San Antonio Division, because that is the most appropriate venue for this

---

[1] Pro se pleadings are held to less stringent standards than those drafted by attorneys.

1

action.  The undersigned also recommends that this case be closed.

## I.  Relevant Law, Findings, and Conclusions

Pursuant to 28 U.S.C. § 1391(b)(1)–(2), a civil action may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

Pursuant to 28 U.S.C. §§ 1406(a) and 1404(a), "[a] district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought."  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).  Section 1404(a) explains, in relevant part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "The district court has broad discretion in deciding whether to order a transfer."  *Scott*, 160 F.3d at 1067 (quotations and citation omitted).

Plaintiff brings this action against Jeff Purvis, an officer for the Kerrville Police Department; David Knight, the Chief of Police for the Kerrville Police Department; and Henry Hierholzer, Sheriff of Kerr County.  Plaintiff claims that these Defendants are liable in both their official and individual capacities.  The actions set out in Plaintiff's proposed complaint pertain to an arrest in Kerrville, Kerr County, Texas.  All the defendants work in Kerr County, Texas.  Kerr County is within the territory of the United States District Court for the Western District of Texas, San Antonio Division.  28 U.S.C. § 124(d)(4).  Plaintiff could have brought this action in

_____

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

2

that court.

The undersigned finds that venue in the Southern District of Texas, McAllen Division, is improper.  The undersigned further finds that the interest of justice justifies the transfer of this case to the Western District of Texas, San Antonio Division.  That court is where (1) the defendants are located, (2) the alleged events or omissions took place, and (3) Plaintiff could have brought this action.

## II.  Conclusion

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that the Court order the transfer of this case, based on the interest of justice, to the Clerk of the United States District Court for the Western District of Texas, San Antonio Division. Lastly, the undersigned recommends that this miscellaneous case be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Plaintiff by any receipted means.

**DONE** at McAllen, Texas, this 21st day of September, 2018.

_____
J. Scott Hacker
UNITED STATES MAGISTRATE JUDGE